UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF IOWA

| | | |
|---|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | ) ) ) | |
| Plaintiff, | ) ) | Civil Action No. 1:14-cv-9 |
| v. | ) ) | |
| PANAMA TRANSFER, INC., | ) ) | **COMPLAINT** (Jury trial demanded) |
| Defendant. | ) ) ) | |

NATURE OF THE ACTION

This is an action under Title VII of the Civil Rights Act of 1964 and Title I of the Civil Rights Act of 1991 to correct unlawful employment practices on the basis of sex and retaliation, and to provide appropriate relief to Susan Devries, who was adversely affected by such practices. As alleged with greater particularity below, the Equal Employment Opportunity Commission alleges that since April 11, 2011, Panama Transfer, Inc. has violated Title VII by subjecting Ms. Devries to sexual harassment and then firing her in retaliation for resisting that harassment.

JURISDICTION AND VENUE

1.     Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343, and 1345.  This action is authorized and instituted pursuant to Section 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964 ("Title VII"), as amended (42 U.S.C. § 2000e-5(f)(1) and (3)), and Section 102 of Title I of the Civil Rights Act of 1991 (42 U.S.C. § 1981a).

2.     The employment practices alleged to be unlawful were and are now being committed within the jurisdiction of the United States District Court for the Southern District of Iowa.

PARTIES

3.     The plaintiff Equal Employment Opportunity Commission ("EEOC") is the agency of the United States of America charged with administering, interpreting, and enforcing Title VII, and is expressly authorized to bring this action by Section 706(f)(1) and (3) of Title VII, 42 U.S.C. § 2000e-5(f)(1).

4.     At all relevant times, defendant Panama Transfer, Inc. ("Panama Transfer") has continuously been a corporation doing business in Iowa, in addition to doing business in other states, and has continuously had at least 15 employees.

5.     At all relevant times, Panama Transfer has continuously been an employer engaged in an industry affecting commerce within the meaning of Sections 701(b), (g), and (h) of Title VII (42 U.S.C. §§ 2000e(b), (g), and (h)).

<u>STATEMENT OF CLAIMS</u>

6.     On or about June 26, 2012, more than 30 days prior to the institution of this lawsuit, Susan Devries filed a charge with the EEOC alleging violations of Title VII by Panama Transfer.

7.     On July 2, 2013, the EEOC determined that there was reasonable cause to believe that Panama Transfer had violated Title VII, as amended, by subjecting Ms. Devries to sexual harassment and then firing her in retaliation for resisting that harassment.

8.     The conciliation efforts required by law have occurred and were unsuccessful.

(a)     On July 2, 2013, the EEOC issued a "Determination" letter inviting Panama Transfer to join with the EEOC in informal methods of conciliation to endeavor to eliminate the discriminatory practices and provide appropriate relief to Ms. Devries.

(b)     On October 30, 2013, the EEOC issued a letter advising Panama Transfer that, despite its efforts, the EEOC was unable to secure from Panama Transfer a

conciliation agreement acceptable to the EEOC.

9.      All conditions precedent to the institution of this lawsuit have been fulfilled.

10.     From April 11, 2011, through May 8, 2012, Ms. Devries worked for Panama Transfer, a trucking company headquartered in Panama, Iowa, as a dock worker on third shift at Panama Transfer's Wellsburg, Iowa, terminal.

11.     Since at least April 11, 2011, Panama Transfer has engaged in unlawful employment practices at its facility in Wellsburg, Iowa, in continuing violation of Section 703(a) of Title VII, 42 U.S.C. § 2000e-2(a), as follows:  one or more male Panama Transfer supervisors and employees continuously subjected Ms. Devries, who is a woman, to sexual harassment – for example, making sexual remarks and innuendos to her, on a private and public basis, including over the workplace intercom – which created a sexually hostile and offensive work environment for her.  Despite actual or constructive notice that it was discriminating against Ms. Devries on the basis of her sex (female), Panama Transfer failed and refused to take prompt and appropriate action to correct the harassment and the resulting hostile environment.  This situation continued until Panama Transfer discharged Ms. Devries in retaliation for her opposition to the harassment.

12.     Panama Transfer violated Section 704(a) of Title VII, 42 U.S.C. § 2000e-3(a), when it terminated Ms. Devries' employment on or about May 8, 2012, in retaliation after she opposed sexual harassment by one or more Panama Transfer supervisors and employees and thus engaged in activity protected by Title VII.

13.     The effect of the practices complained of in Paragraph 11 above has been to deprive Ms. Devries of equal employment opportunities, and to otherwise adversely affect her status as an employee, because of sex.

14.     The effect of the practices complained of in Paragraph 12 above has been to

deprive Ms. Devries of equal employment opportunities, and otherwise adversely affect her status as an employee, because she engaged in protected activity under Title VII.

15.    The unlawful employment practices complained of in Paragraphs 11 and 12 above were intentional.

16.    The unlawful employment practices complained of in Paragraphs 11 and 12 above were done with malice and with reckless indifference to Ms. Devries' federally-protected rights.

<u>PRAYER FOR RELIEF</u>

Wherefore, the EEOC respectfully requests that this Court:

A.    Grant a permanent injunction enjoining Panama Transfer and its subsidiaries, officers, agents, servants, employees, and attorneys, and all persons in active concert or participation with them, from limiting, segregating, or classifying any employee in any way which would deprive, or tend to deprive, that employee of employment opportunities or otherwise adversely affect her status as an employee because of her sex, and from engaging in any employment practice which discriminates on the basis of sex.

B.    Order Panama Transfer to institute and carry out policies, practices, and programs which provide equal employment opportunities for women, and which eradicate the effects of its past and present unlawful employment practices.

C.    Order Panama Transfer to make Susan Devries whole by providing appropriate back pay with pre-judgment interest, in amounts to be determined at trial, reinstatement, front pay in lieu of reinstatement, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices described in Paragraphs 11 and 12 above.

D.    Order Panama Transfer to make Susan Devries whole by providing compensation for past and future pecuniary and non-pecuniary losses resulting from the unlawful employment

practices described in Paragraphs 11 and 12 above, including medical expenses, emotional pain, suffering, and inconvenience, loss of enjoyment of life, and humiliation, in amounts to be determined at trial.

E.     Order Panama Transfer to pay punitive damages to Susan Devries for its malicious and reckless conduct, as described in Paragraphs 11 and 12 above, in amounts to be determined at trial.

F.     Grant such further relief as the Court deems necessary and proper in the public interest.

G.     Award the EEOC its costs of this action.

<u>JURY TRIAL DEMAND</u>

The EEOC requests a jury trial on all questions of fact raised by its Complaint.

Respectfully submitted,

P. David Lopez
General Counsel

James L. Lee
Deputy General Counsel

Gwendolyn Young Reams
Associate General Counsel

EQUAL EMPLOYMENT OPPORTUNITY
        COMMISSION
131 M Street, N.E.
Washington, DC  20507

John C. Hendrickson
Regional Attorney

Jean P. Kamp
Associate Regional Attorney

EEOC Chicago District Office

500 West Madison Street - Suite 2000
Chicago, IL 60661
*Telephone*:      (312) 869-8116 (Kamp)
*Fax*:              (312) 869-8124
*E-mail*:   john.hendrickson@eeoc.gov
*E-mail*:   jean.kamp@eeoc.gov

Dated:   March 27, 2014        *s/ Dennis R. McBride*
                              Dennis R. McBride (WI Bar No. 1000430)
                              Senior Trial Attorney

                              EEOC Milwaukee Area Office
                              310 West Wisconsin Avenue - Suite 800
                              Milwaukee, WI  53203-2292
                              *Telephone*:   (414) 297-4188
                              *Fax*:              (414) 297-3146
                              *E-mail*:    dennis.mcbride@eeoc.gov